FILED

NOT FOR PUBLICATION

JUN 12 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALEJANDRO GARCIA-JACOBO, AKA
Carlos Aguilar Garcia,

Petitioner-Appellant,

v.

MARION FEATHER,

Respondent-Appellee.

No.    18-55592

D.C. No. 2:16-cv-05546-TJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted June 10, 2019[**]
Pasadena, California

Before:  WARDLAW, BYBEE, and OWENS, Circuit Judges.

Alejandro Garcia-Jacobo (Garcia) appeals the district court's dismissal of his

petition for writ of habeas corpus under 28 U.S.C. § 2241 and motion to alter,

vacate, or set aside his sentence under 28 U.S.C. § 2255.  Garcia sought relief from

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

his 2010 and 2012 convictions for illegally re-entering the United States following removal in violation of 8 U.S.C. § 1326(a), arguing that the removal order underlying these convictions is invalid. The district court held that the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005), deprives it of jurisdiction to review the validity of a removal order in habeas proceedings and dismissed Garcia's motion. We review de novo a district court's determination that it does not have jurisdiction over a habeas corpus petition, *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc), and we affirm.

"The REAL ID Act 'expressly eliminated habeas review over all final orders of removal,' and provided that a petition for review in the court of appeals is the 'sole and exclusive means for judicial review of an order of removal.'" *Singh v. Holder*, 638 F.3d 1196, 1210 (9th Cir. 2011) (first quoting *Singh v. Gonzales*, 499 F.3d 969, 977 (9th Cir. 2007); then quoting 8 U.S.C. § 1252(a)(5)) (internal citation omitted). The Act "restor[es] judicial review to its former settled forum prior to 1996 by eliminating suits in district courts and funneling review of removal orders directly to the courts of appeals." *Id.* (citation and internal quotation marks omitted). Where a habeas petition or motion directly implicates an order of removal and would require a district court to "review the underlying merits" of the order, the district court lacks jurisdiction over the petition or motion.

2

*See id.* at 1210–11. On appellate review, we ask whether the habeas petition or motion is "wholly intertwined with the merits" of the removal order. *Id.* at 1211.

The district court correctly dismissed Garcia's motion. In order to grant Garcia relief from his illegal re-entry convictions, the district court would have necessarily had to first declare his order of removal invalid. Garcia's requested relief thus fell outside of the district court's jurisdiction.

Further, 8 U.S.C. § 1326(d) is not an exception to the district court's lack of jurisdiction over Garcia's motion. Section 1326(d) permits an alien "[i]n a criminal proceeding under [§ 1326]" to "challenge the validity of the deportation order" under limited circumstances. 8 U.S.C. § 1326(d). This is a civil habeas proceeding under 28 U.S.C. §§ 2241 and 2255, not a criminal proceeding under § 1326. Thus, whatever exception to the REAL ID Act that § 1326(d) may provide is not available to Garcia.

The judgment of the district court is **AFFIRMED**.